UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCOTT,<br><br>        Petitioner,<br><br>    v.<br><br>KEVIN HIXON,<br><br>        Respondent. | Case No. 25-cv-10242-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 6 |

### INTRODUCTION

Petitioner Christopher D. Scott seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions.  The petition for such relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

It is clear from the face of the petition that petitioner has not exhausted his state court remedies.  It also appears that his state appeal is pending.  Accordingly, this federal habeas action is DISMISSED without prejudice to petitioner refiling his petition after he has exhausted his state court remedies and his state proceedings have concluded.

### BACKGROUND

According to the petition, after a 2025 bench trial, Scott was convicted in the San Mateo County Superior Court of first degree robbery.  (Pet., Dkt. No. 1 at 2.)  A sentence of six years was imposed.  (*Id.*)  He filed an appeal, but he does not state whether the appellate court has issued a decision.  (*Id.* at 5.)  He states that he has not sought review in the state supreme court.  (*Id.*)

### DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting

United States District Court
Northern District of California

United States District Court
Northern District of California

the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510.

Scott admits that he has not sought review in the state supreme court. This means that he has not exhausted his state court remedies prior to filing his petition. Therefore, I must dismiss his petition. *Id.* It also appears that his state appeal is pending. District courts must abstain from adjudicating federal constitutional claims when a federal habeas petitioner's state appeal is pending, whether or not state court remedies have been exhausted. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Accordingly, the petition is DISMISSED without prejudice.

### CONCLUSION

This federal habeas action is DISMISSED without prejudice to Scott refiling his petition after his state court proceedings have been completed and he has exhausted his state court remedies.

Scott's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 6.)

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 26, 2026

WILLIAM H. ORRICK
United States District Judge

2